**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

                                                                               Case No. 4:95cr4027-WS

**vs.**

**TRAVIS THURSTON,**

    Defendant.

                               /

## REPORT AND RECOMMENDATION ON MOTION TO VACATE

Defendant filed a motion to vacate his judgment pursuant to Fed.R.Civ.P. 60(b)(4). Doc. 355. Rule 60(b)(4) authorizes relief on the basis that "the judgment is void," and a motion under this subsection "shall be made within a reasonable time."

In support of his claim, Defendant asserts that the judgment is void because his sentence enhancement is inappropriate based on subsequent case law. Specifically, the court imposed a two level enhancement, based on possession of a firearm by Defendant's coconspirator, pursuant to U.S.S.G. § 2D1.1(b)(1), relying "totally" on United States v. Otero, 890 F.2d 366 (11th Cir. 1989). Doc. 355, p. 2. After Defendant's sentencing it was held that the coconspirator's firearm possession must be reasonably foreseeable. *Id.*, citing United States v. Gallo, 195 F.3d 1278, 1282 (11th

Cir.1999). Defendant contends that it was never proven that he "physically possessed or even had knowledge" of the firearm possession, and the fact that Defendant Singleton was found in possession several hours after Defendant's arrest "thus [makes] it even more <u>unforeseeable</u> to the defendant." *Id.*[1] Defendant asserts that a Rule 60(b)(4) claim may be raised at any time, and asks the court not to construe his motion as something else. *Id.*, p. 3.

It is clear from his arguments that Defendant seeks relief from the judgment imposing sentence. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998); <u>United States v. Fair</u>, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting <u>Mosavi</u>).

Defendant's challenge to his sentence is a claim cognizable, if at all, under 28 U.S.C. § 2255.[2] Like his previous motions seeking relief, Defendant does not title his motion as filed pursuant to 28 U.S.C. § 2255. *See, e.g.*, docs. 291 and 311 (noting that

---

[1] Defendant previously attempted to challenge this enhancement, and relief was denied. *See infra*, n. 3. The Government's response addressed whether the claim was properly raised, and also argued that the claim had been waived, that guidelines errors are generally not cognizable post conviction, and that the claim lacked merit. Doc. 288, pp. 3-4. "Given that the enterprise in this case involved the safeguarding and possession of large amounts of crack and money, it was reasonably foreseeable that defendant's co-conspirator, Singleton, would possess a firearm to protect these assets." *Id.*, p. 4 (citation omitted).

[2] A claim of guidelines error is a nonconstitutional claim, cognizable under § 2255 only if it constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11th Cir.1998), *cert. denied*, 526 U.S. 1145 (1999). *See also* <u>Lynn v. United States</u>, 365 F.3d 1225, 1232, 1233 and n. 15 (11th Cir.), *cert. denied*, 125 S.Ct. 167 (2004) (collecting cases, including <u>Burke</u>). and <u>United States v. Mikalajunas</u>, 186 F.3d 490, 495-96 (4th Cir. 1999) (collecting cases, including <u>Burke</u>, and "join[ing] our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice.").

Case No. 4:95cr4027-WS

Defendant had not invoked § 2255 and so subsequent motions should not be deemed successive, but finding dismissal appropriate anyway as a § 2255 motion would be untimely).³

If Defendant wants the court to consider challenges to his judgment and sentence he should file a § 2255 motion, raising all claims, with the understanding that if the motion is denied he must obtain authorization for filing a second or successive motion. He should not be permitted to submit successive motions simply by omitting any reference to § 2255. Defendant is advised that a § 2255 motion must be submitted using the § 2255 form used in this district (available upon request from the Clerk), and would be subject to summary dismissal unless he could show that it was not untimely under the one year limitations period of § 2255.

---

³ The report and recommendation on Defendant's motion "pursuant to Frady Rule and or pursuant to 18 U.S.C. § 3582(c)(2) in conjunction with the Nov. 1st Amend. 599," doc. 285, noted for future reference that it was characterizing the motion as filed under § 2255, and recommended dismissal with prejudice. Docs. 291, pp. 5-6. The recommendation was adopted, and Defendant filed an appeal. Docs. 296 and 303. The order denying a certificate of appealability for appeal found that recharacterization of the motion as a § 2255 was improper, but dismissal of the motion was proper. Doc. 311, citing Castro v. United States, 277 F.3d 1300 (11th Cir. 2002). The Eleventh Circuit later vacated and superceded that Castro opinion, but was reversed. Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (holding that if a court recharacterizes a pro se motion as an initial § 2255 motion, it must warn the movant of the intent to do so and its consequences, and provide an opportunity to withdraw or amend the motion).

Case No. 4:95cr4027-WS

It is therefore respectfully **RECOMMENDED** that Defendant's motion to vacate sentence pursuant to Rule 60(b)(4) (doc. 355) be **SUMMARILY DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2005.


S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.